NORTHERN DISTRICT OF TEXAS
FILED
OCT - 6 2014
CLERK, U.S. DISTRICT COURT
By _____
          Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

HOWARD WAYNE LEE,              §
                              §
        Plaintiff,             §
                              §
VS.                            §   NO. 4:14-CV-755-A
                              §
GRANBURY POLICE DEPT., ET AL., §
                              §
        Defendants.            §

O R D E R

Came on for consideration the above-captioned action where Howard Wayne Lee is plaintiff and defendants are Granbury Police Department, Hood County Justice Center, Hood County Judicial Center District Attorney's Office, Hood County Sheriff's Office, Deputy Chief Alan Hines, Lieutenant Cliff Andrews, Judge Ralph Walton, and 355th Judicial District Court.  In conjunction with his complaint, plaintiff also filed a motion for leave to proceed in forma pauperis.

On September 16, 2014, the magistrate judge issued his findings and conclusions that plaintiff has had at least three previous cases dismissed as frivolous, and so is barred from proceeding under 28 U.S.C. § 1915 absent certain exceptional circumstances.  The magistrate judge recommended that plaintiff not be allowed to proceed in forma pauperis in this action, and also recommended that plaintiff be required to pay the full

filing and administrative fees of $400.00 within seven days after this court made any final determinations concerning plaintiff's in forma pauperis status.   The magistrate judge further recommended the undersigned advise plaintiff that failure to pay the filing fee could result in the dismissal of this action without further notice for want of prosecution pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.[1]   The magistrate judge ordered that plaintiff file any objections by October 7, 2014.

On October 2, 2014, plaintiff filed his objections to the magistrate judge's order.   In accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the court makes a de novo determination of the magistrate judge's order to which specific objection is made.   United States v. Raddatz, 447 U.S. 667, 673-75 (1980).   The court has concluded that plaintiff's objections have no merit.

Plaintiff first objected to the characterization as frivolous of his three previous dismissals.   The court has reviewed the record of each action identified by the magistrate judge, and finds that the magistrate judge's ruling was correct.

---

[1]Rule 41(b) contemplates that a dismissal under it will be on motion of a defendant. However, the court has inherent authority to dismiss, sua sponte, an action for want of prosecution. See Link v. Wabash R.R. Co., 370 U.S. 626, 630 (1962); Jones v. Caddo Parish Sch. Bd., 704 F.2d 206, 214 (5th Cir. 1983).

Plaintiff offered nothing other than his conclusory objection to show otherwise.

Plaintiff also discussed various health problems he has had while incarcerated, all of which appear to be complaints about the type or quality of medical care provided by the prison.  Such is not the type of "imminent danger" contemplated by the requirements of 28 U.S.C. § 1915(g).  See, e.g., Banos v. O'Guin, 144 F.3d 883, 885 (5th Cir. 1998) Edmond v. Tex. Dep't of Corr., 1998 WL 723877, slip op. at *3 (5th Cir. Oct. 7, 1998) (generalized complaints of medical care insufficient to meet "imminent care" requirement).

Finally, plaintiff attempted to argue the merits of his case within his objections.  The court will not consider issues raised in the complaint in response to the magistrate judge's order.

Therefore,

The court ORDERS that plaintiff's objections to the magistrate judge's September 16, 2014 order be, and are hereby, overruled.

The court accepts the recommendations of the United States Magistrate Judge and ORDERS that plaintiff be, and is hereby, denied the right to proceed in forma pauperis in this action.

The court further ORDERS that plaintiff by 4:00 p.m. on October 14, 2014, pay to the Clerk of the court the full filing

3

and administrative fees of $400.00.

The court further ORDERS that failure of plaintiff to comply with the terms of this order may result in the dismissal of this action without further notice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

SIGNED October 6, 2014.

JOHN McBRYDE
United States District Judge

4